1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLARK COUNTY BANCORPORATION ) <br> 512-F N.E. 81st Street, Suite 229 ) <br> Vancouver, WA 98665 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF THE ) <br> TREASURY, Department of the United States ) <br> of America, ) <br>   1500 Pennsylvania Avenue, N.W. ) <br>   Washington, D.C. 20220 ) <br> ) <br> INTERNAL REVENUE SERVICE, ) <br> Department of the United States of America ) <br>   1111 Constitution Avenue, N.W. ) <br>   Washington, D.C. 20224 ) <br>   500 W. 12th St. ) <br>   Vancouver, WA 98660 ) <br> ) <br> And ) <br> ) <br> UNITED STATES OF AMERICA, ) <br>   950 Pennsylvania Avenue ) <br>   Washington, D.C. 20530 ) <br>   700 Stewart Street, Suite 522 ) <br>   Seattle, WA 98101-1271 ) <br> ) <br> Defendants. ) | No. <br><br> COMPLAINT <br><br> JURY DEMAND |

COMPLAINT - 1

Plaintiff Clark County Bank Corporation, by and though its undersigned attorneys, for its Complaint against Department of the Treasury and Internal Revenue Service states as follows:

1. Plaintiff Clark County Bancorporation brings this civil action seeking monetary damages and other relief, including pursuant to the Constitution and laws of the United States, 26 U.S.C. § 7422, and 28 U.S.C. § 1346(a).

### Parties

2. Plaintiff Clark County Bancorporation is a corporation organized and existing under the laws of the State of Washington.

3. Defendant Department of the Treasury is an agency of the government of the United States of America ("Treasury"), Defendant Internal Revenue Service ("IRS") is an agency of the government of the United States of America, and Defendant United States of America ("USA") is a proper party in this action.

### Jurisdiction and Venue

4. The jurisdiction of this Court is founded upon 28 U.S.C. § 1331, 26 U.S.C. 7422, 28 U.S.C. § 1346(a)(1), and 28 U.S.C. § 1340.

5. Venue is proper in this district under 28 U.S.C. § 1402(a), as requiring a claim under 28 U.S.C. § 1346(a)(1) to be prosecuted only in the district in which plaintiff resides.

### Count One

6. Plaintiff Clark County Bancorporation, among other of its operations, owned all of the stock in the Bank of Clark County. On January 16, 2009, by Order of the State of Washington Department of Financial Institutions, the Federal Deposit Insurance Corporation was appointed as the Receiver for the Bank of Clark County.

7. Plaintiff Clark County Bancorporation filed appropriate amended tax returns with the IRS/Treasury/USA for the tax years 2003 through 2007 and returns for 2008 and 2009, involving tax refund payments due to Plaintiff Clark County Bancorporation in an amount in

COMPLAINT - 2

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

excess of nine million dollars ($9,000,000.00). At all times material hereto, Plaintiff Clark County Bancorporation has filed consolidated tax returns involving all of its operations, including the Bank of Clark County.

    8.    Prior to 2014 plaintiff Clark County Bancorporation had requested (on more than one occasion) the scheduling of a meeting with the IRS/Treasury/USA in relation thereto, and these meeting requests were denied in writing by the IRS/Treasury/USA.

    9.    Plaintiff Clark County Bancorporation has not received from the IRS/Treasury/USA any of the tax refund payments pursuant to Plaintiff's amended tax returns and tax returns, despite requests to the IRS/Treasury/USA from Plaintiff Clark County Bancorporation.

    10.    More than 180 days have elapsed since Plaintiff filed its tax returns. Therefore, Plaintiff Clark County Bancorporation seeks an order requiring the delivery to Plaintiff of the tax refund payments from the IRS/Treasury/USA pursuant to the tax returns filed by Plaintiff.

    11.    Plaintiff had instituted prior litigation in this regard, <u>Clark County Bancorporation v. United States Department of Treasury, et. al.</u> (Civ. Act. No. 13-632 (JEB), United States District Court for the District of Columbia), wherein the instant Defendants filed a motion to dismiss for lack of jurisdiction contending that Plaintiff was required to commence any such action pursuant to 26 U.S.C. § 7422 and 28 U.S.C. § 1346(a)(1). The Court granted Defendants' motion to dismiss thereon, without prejudice, that Plaintiff should file Plaintiff's claims pursuant to 26 U.S.C. § 7422 and 28 U.S.C. § 1346(a)(1).

    12.    Hence, the filing of this action which pursuant to the foregoing statutes requires venue in this district under 28 U.S.C. § 1402(a):

    (a)    Any civil action in a district court against the United States under subsection (a) of section 1346 of this title may be prosecuted only:

COMPLAINT - 3

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA 98666-0611
(360) 750-7547

   (1) Except as provided in paragraph (2), in the judicial district where the plaintiff resides;

   (2) In the case of a civil action by a corporation under paragraph (1) of subsection (a) of section 1346, in the judicial district in which is located the principal place of business or principal office or agency of the corporation [western District of Washington] . . .

  13. After institution of the prior action, only in the Fall of 2013, did Defendants provide information and documentation to Plaintiff concerning Plaintiff's foregoing tax returns and tax refunds indicating that defendants had issued the tax refund checks payable to Plaintiff Clark County Bancorporation.

  14. To the extent the IRS/Treasury/USA may contend that they were not required to deliver the tax refund and payments to Plaintiff, Plaintiff has at all times disputed this contention as these monies are the property of Plaintiff.

  15. Defendants' conduct violates 26 U.S.C. § 6402(k), including but not limited to the statute's requirement for "determination," and any "attribution." The Defendants' failure to deliver the tax refunds to Plaintiff is improper, and the Defendants' have erred both in Defendants' determination and in Defendants' attribution and apportionment of the refunds.

  16. Defendants' conduct is in violation of 26 C.F.R. § 1.1502-77(a), which requires in pertinent part: "(2)(v) The common parent [Plaintiff] files claims for refund, and any refund is made directly to and in the name of the common parent [Plaintiff] . . ."

  17. In addition, Defendants' conduct is in disregard of the Tax Allocation Agreement (TAA) between Plaintiff and the Bank of Clark County, Exhibit A hereto, as the TAA is consistent with the foregoing in that the TAA mandates that the common parent [Plaintiff] shall file for and receive any tax refund.

  18. The failure of Defendants to take into account the provisions of the TAA, Exhibit A, is a failure to comply with 26 U.S.C. § 6402(k), including the statute's requirements

that the Defendants undertake a "determination" and an "attribution." The Tax Allocation Agreement could not have been properly considered by Defendants, as to do so would have resulted in a determination that any tax refunds were to be delivered to Plaintiff.

19. In addition to all of the foregoing, additional information and documentation had been requested by Plaintiff from Defendants, such as any and all documentation in relation to the Congressional Joint Committee on Taxation, which Defendants continue to refuse to provide, notwithstanding Plaintiff's entitlement to any information pertaining to Plaintiff that has been disclosed to others including pursuant to 26 U.S.C. § 7431.

## Claims for Relief

WHEREFORE, Plaintiff respectfully requests the following relief:

1. Judgment that Defendants pay the tax refunds to Plaintiff as set forth in Plaintiff's amended and tax returns, together with interest pursuant to 26 U.S.C. § 6611, and costs that are allowed by law;

2. Judgment that the Plaintiff is entitled to reasonable litigation costs and attorney's fees incurred in this proceeding pursuant to 26 U.S.C. § 7430, or as the District Court otherwise deems just and appropriate;

3. An Order that Defendants produce to Plaintiff all documentation forwarded to or received from the Congressional Joint Committee on Taxation with respect to tax returns involving Plaintiff; and

4. Such further equitable or other relief as the Court may deem appropriate consistent with the claims of Plaintiff herein.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims otherwise triable by jury asserted in the Complaint.

COMPLAINT - 5

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547

1   DATED this 14th day of October, 2014.

2                                   HEURLIN, POTTER, JAHN, LEATHAM,
                                    HOLTMANN & STOKER, P.S.
3

4
                                    s/ Stephen G. Leatham
5                                   Stephen G. Leatham, WSBA #15572
                                    E-mail:  sgl@hpl-law.com
6                                   211 E. McLoughlin Boulevard, Suite 100
                                    Vancouver, WA 98663
7                                   Telephone:  (360) 750-7547
                                    Fax:  (360) 750-7548
8                                           Of Attorneys for Plaintiff

COMPLAINT - 6

Heurlin, Potter, Jahn, Leatham, Holtmann & Stoker, P.S.
211 E. McLoughlin Boulevard, Suite 100
PO Box 611
Vancouver, WA  98666-0611
(360) 750-7547