UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLARK COUNTY BANCORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, and UNITED STATES OF AMERICA,<br><br>    Defendants. | CASE NO. C14-5811 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff Clark County Bancorporation's ("CCB") motion for summary judgment (Dkt. 21) and Defendants Internal Revenue Service, United States Department of the Treasury, and United States of America's ("Government") cross-motion for summary judgment (Dkt. 26). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies CCB's motion and grants the Government's motion for the reasons stated herein.

ORDER - 1

## I. PROCEDURAL HISTORY

On October 14, 2014, CCB filed a complaint against the Government seeking a judgment for tax refunds. Dkt. 1.

On January 9, 2015, CCB filed a motion for summary judgment. Dkt. 21. On March 10, 2015, the Government responded and filed a cross-motion. Dkt. 26. On April 27, 2015, CCB replied to its motion and responded to the Government's motion. Dkt. 29. On May 12, 2015, the Government replied to its motion. Dkt. 34.

On May 18, 2015, CCB filed a motion for leave to file a surreply. Dkt. 35. On May 19, 2015, the Government responded.[1] Dkt. 37.

## II. FACTUAL BACKGROUND

In August 2001, CCB entered into an agreement with the Bank of Clark County regarding the filing and allocation of taxes. Dkt. 1, Exh. 1. The agreement was titled "Tax Allocation Agreement" ("TAA") and lists CCB as the "Parent" with the Bank of Clark County as the "Bank Subsidiary." *Id*.

On January 16, 2009, the Washington Department of Financial Institutions closed the Bank of Clark County and appointed the Federal Deposit Insurance Corporation ("FDIC") as its receiver ("FDIC-R"). Dkt. 26-1, Declaration of Steven Edgmont, Exh. 1. On January 27, 2009, the FDIC-R submitted to the IRS a Form 56-F, Notice Concerning Fiduciary Relationship of Financial Institution. *Id*., Exh. 2.

---

[1] Although the Government is correct that substantive surreplies are improper under the local rules of procedure, the Court will accept the surreply because nothing in the brief changes the fact that CCB has no valid cause of action in this case.

ORDER - 2

On September 11, 2009, the FDIC-R filed a loss year return for the CCB Group's 2008 tax year. *Id*., Exh. 3. On October 5, 2009, the FDIC-R filed amended returns for the CCB Group's 2006 and 2007 tax years. *Id*., Exh. 5. The amended returns sought to carry back the Bank of Clark County's 2008 net operating loss to the CCB Group's 2006 and 2007 tax years. Based on the FDIC-R's amended returns, the IRS determined that the CCB Group's tax refunds for the 2006 and 2007 years were attributable to the insolvent Bank of Clark County's losses. *Id*., ¶ 8. On November 2, 2009, the IRS issued checks to the FDIC-R for the CCB Group's 2006 and 2007 tax years. *Id*., ¶¶ 8–9, Exh. 7.

On August 12, 2010, the FDIC-R filed amended returns for the CCB Group for the 2003-2007 tax years, carrying back losses from 2008 for the full five-year period permitted under 26 U.S.C. § 172. *Id*., Exh. 9. On October 20, 2010, the FDIC-R then filed a loss year return for the CCB Group's 2009 tax year. *Id*., Exh. 10. The FDIC-R carried back a portion of the 2009 losses to the CCB Group's 2007 tax year, as reflected on the amended return for the 2007 year. On April 29, 2010, CCB filed amended returns for the CCB Group for the 2003-2007 tax years. *Id*., Exh. 12.

The IRS processed the amended and loss year returns that the FDIC-R had filed for these tax years, rather than the returns that CCB had filed. *Id*., ¶ 15. On August 15, 2011, the FDIC-R sent a letter to the IRS requesting to act as agent for the CCB Group for any matter pertaining to the refund due the CCB Group. *Id*., Exh. 4. On August 16, 2011, the IRS granted the FDIC-R's request. *Id*., ¶ 14. Based on the FDIC-R's amended returns, the IRS determined that the CCB Group's tax refunds for the 2003-2007 years

1  were attributable to the insolvent Bank of Clark County's losses.  *Id*., ¶ 18.  The IRS

2  issued refund checks to the FDIC-R, as the Bank of Clark County's fiduciary and the

3  CCB Group's agent.

4        On April 12, 2011, the IRS issued refund checks to the FDIC-R for the 2006 and

5  2007 tax years.  *Id*., Exh. 8.  On November 11, 2011, the IRS issued additional refund

6  checks to the FDIC-R for the 2003-2007 tax years. The IRS made these checks payable to

7  "Clark County Bancorporation c/o FDIC as Receiver.  *Id*., Exh. 15.  The FDIC-R

8  returned these checks and requested that the IRS reissue the checks to "Bank of Clark

9  County c/o FDIC as Receiver."  *Id*., Exh. 16.  On February 6, 2012, the IRS reissued to

10 the FDIC-R the refund checks for the 2003-2007 tax years, per the FDIC-R's request.

11 *Id*., Exh. 17.  On January 19, 2012, the IRS issued a refund check to the FDIC-R for the

12 2008 tax year.  *Id*., Exh. 18.  Altogether, for the 2003-2008 tax years for the CCB Group,

13 the IRS issued to the FDIC-R refund checks totaling $9,682,280.08.  *Id*., ¶ 25.

## III. DISCUSSION

**A.**     **Summary Judgment Standard**

16       Summary judgment is proper only if the pleadings, the discovery and disclosure

17 materials on file, and any affidavits show that there is no genuine issue as to any material

18 fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

19 The moving party is entitled to judgment as a matter of law when the nonmoving party

20 fails to make a sufficient showing on an essential element of a claim in the case on which

21 the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

22 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole,

could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

B.   **CCB's Motion**

In a refund suit under 26 U.S.C. § 7422, the plaintiff bears the burden of proving that it is entitled to a refund and to the amount claimed. *See United States v. Janis*, 428

1  U.S. 433, 440 (1976); *Watts v. United States*, 703 F.2d 346, 348 (9th Cir. 1983). The

2  Supreme Court established that "the ultimate question presented for decision, upon a

3  claim for refund, is whether the taxpayer has overpaid his tax. . . . [I]t is incumbent upon

4  the claimant to show that the United States has money which belongs to him." *Lewis v.*

5  *Reynolds*, 284 U.S. 281, 283 (1932) (internal quotes omitted).

6      In this case, CCB has failed to meet its burden. The only documents CCB

7  submitted in support of its claim for a refund are two charts made for the purposes of this

8  litigation allegedly showing the amount CCB is due as a refund. *See* Dkt. 21, Exhs. A &

9  C. This is not evidence conclusively establishing that the United States has money which

10 belongs to CCB. Therefore, the Court denies CCB's motion.

11 **C.     The Government's Motion**

12      In this case, the Government moves for summary judgment because the IRS

13 properly discharged its liability with respect to paying the refunds in question. The Court

14 agrees. While CCB searched far and wide for case law on similar issues, there exists a

15 statute and implementing regulation directly on point. The relevant statute provides as

16 follows:

17      Notwithstanding any other provision of law, in the case of an
   insolvent corporation which is a member of an affiliated group of
18 corporations filing a consolidated return for any taxable year and which is
   subject to a statutory or court-appointed fiduciary, the Secretary may by
19 regulation provide that any refund for such taxable year may be paid on
   behalf of such insolvent corporation to such fiduciary to the extent that the
20 Secretary determines that the refund is attributable to losses or credits of
   such insolvent corporation.

21

22

ORDER - 6

1  26 U.S.C. § 6402(k).  The implementing regulation entitled "Liability of the

2  Government" provides as follows:

> Any refund or tentative carryback adjustment paid to the fiduciary discharges any liability of the Government to the same extent as payment to the common parent under § 1.1502–77 or § 1.1502–78 of this chapter. Furthermore, any refund or tentative carryback adjustment paid to the fiduciary is considered a payment to all members of the carryback year group. Any determination made by the Internal Revenue Service under this section to pay a refund or tentative carryback adjustment to a fiduciary or the common parent may not be challenged by the common parent, any member of the group, or the fiduciary.

8  26 C.F.R. § 301.6402-7(k).

9       In light of the regulatory framework, CCB has no right of action against the Government.  Once the payments are made, the Government no longer owes any party money.  While the parent, members or the fiduciary may seek judicial determination as to ownership of the refunds (as CCB seeks in related actions), CCB has failed to show that it may sue the Government for payment to what it considers the improper party.  Moreover, the Government's liability is extinguished even if the checks were reissued to a member of the group in care of the fiduciary.  The fact is that the Government paid one of the three allowable parties in the implementing regulation, the common parent, a member, or a fiduciary.  It is up to those parties to ultimately determine the proper allocation of the payment, which may be in conflict with the IRS's determination.  Even if the IRS is ultimately proven wrong, the Government's liability is extinguished upon payment.  Therefore, the Court grants the Government's motion for summary judgment.

## IV. ORDER

Therefore, it is hereby **ORDERED** that CCB's motion for summary judgment (Dkt. 21) is **DENIED** and the Government's cross-motion for summary judgment (Dkt. 26) is **GRANTED**. The Clerk shall enter judgment for Defendants and close this case.

Dated this 16th day of June, 2015.

BENJAMIN H. SETTLE
United States District Judge